## WOODMAN *versus* CHESLEY.

The construction of a written contract devolves upon the Court and not on the jury; but if left to the jury and they decide *correctly*, exceptions for that cause will not avail.

A promissory note given for a specific sum, for a cow, in which it is stipulated, that the cow shall remain the property of the promisee until the note is fully paid, is in the nature of a mortgage, and the promisee, where there is no provision to the contrary, is entitled to the *possession* of the property until the note is paid.

And where *such a note and contract* were made for *security only* of the payment of *another note* by the same maker, for a yoke of oxen, which note contained a *similar provision* as to the oxen, the taking *possession* of the oxen by the promisee, *before* the time for their payment had elapsed, although they were of the full value of the note, will not discharge his right to the possession of the *cow*, before the maturity of the notes.

REPLEVIN for a cow. The defendant claimed title to the property.

The action was originally brought before a justice of the peace, and was appealed to the late District Court, where a

trial was had before GOODENOW, J., a verdict returned for plaintiff and exceptions taken to the refusals to instruct, and instructions given to the jury. The cause was argued at May term, 1854.

The writ in this suit was dated Sept. 15, 1847, two days after the taking by defendant, whose title was derived from one Wm. K. Staples. The defendant had notice of the trade between plaintiff and Staples when the papers were assigned to him.

Wm. K. Staples, on April 6, 1847, sold to plaintiff a yoke of oxen for $60, and took the following note: —

"April 6, 1847. For value received, I promise to pay Wm. K. Staples, or order, forty-six dollars and interest, in eight months. The oxen for which this note is given remains the property of Wm. K. Staples till all this note is paid."

At the same time to indemnify him against loss by fall in the value of said oxen, in case he had to take them back, Staples received from the plaintiff another note of the following tenor: —

"Poland, April 6, 1847. For value received, I promise to pay Wm. K. Staples, or order, fourteen dollars and interest, in eight months. The heifer for which this note was given remains the property of Wm. K. Staples, till all the note is paid. The heifer is the same said Staples bought of E. G. Woodman."

On the first of June following, the note for the oxen was exchanged by the parties for another of a similar form, excepting that $60, was put in the place of $46.

Sometime in June, and before the 23d, in 1847, the right and interest of plaintiff in the oxen were sold, under defendant's direction, by one Strout, a constable, to defendant, for one dollar.

On June 23, 1847, the defendant paid to Staples the $60 and interest for the oxen and received an assignment from him of the two notes above mentioned, after he had seized and sold the plaintiff's interest in them.

The plaintiff called Staples as a witness, who was allowed to testify, against objection, that if Woodman paid the $60 and interest, in eight months from the date of the note, the bill of sale and the cow should be given up; that he understood from the writings that plaintiff was to have possession of said cow and oxen until the notes became due, and if the witness should take the oxen and they were of the value of $60, and interest, then the cow should be given up with the $14 note, and this was told to defendant when the papers were assigned.

Evidence of the value of the oxen was given by the plaintiff, tending to show that they were worth the amount of the note, and by defendant that they were worth less.

By the counsel for defendant, the Judge was requested to instruct the jury, *that*, unless the plaintiff was entitled to the property and possession of said cow at the time when his action was brought, as against the defendant, that action could not be maintained; *that*, if said oxen were not of the value of sixty dollars and the interest thereon, at the time when said sixty dollars was to be paid according to said notes, then this action could not be maintained, as the defendant had not been fully paid; but the instructions of the Court were, *that*, if said oxen were of sufficient value, with the use that defendant had had of said oxen, to pay what was due on said note in June, 1847, when defendant took possession of said oxen, then, if they believed the contract between said Staples and the plaintiff to be as had been testified, that said fourteen dollars and the cow were to be given up when said sixty dollars and the interest should be fully paid, the plaintiff was entitled to recover; *that* they would judge whether the testimony of Staples, that plaintiff was to keep possession of the oxen and cow until the sixty dollars should be due, as he understood was the case from the writings, was not in accordance with the intention of the parties, and the Court so understood the contract to be, and that as the proof was that the cow was taken by the defendant from the possession of plaintiff, he would be entitled to

recover, if the oxen were of sufficient value to pay the note and interest, when the oxen were taken by defendant in June, 1847, with the use the defendant had had of them before the eight months had elapsed.

*Perry*, with whom was *May*, in support of the exceptions, cited *Ingraham* v. *Martin*, 15 Maine, 373; *Tibbets* v. *Towle & al.*, 3 Fairf. 341; *Williams & al.* v. *Root*, 14 Mass. 273.

*Dunn*, contra, cited *Parks* v. *Hall*, 2 Pick. 211, and *French* v. *Stanley*, 21 Maine, 516.

TENNEY, J. — The cow having been taken by the defendant, on Sept. 13, 1847, from the possession of the plaintiff, was replevied on the writ in this action dated the 15th day of the same month.

The plaintiff gave to Wm. K. Staples a bill of sale of the cow, called in the instrument a heifer, dated April 6, 1847, and acknowledged payment therefor. And upon the same piece of paper, and at the same time, as was admitted, is the following: — "For value received, I promise to pay Wm. K. Staples, or order, fourteen dollars and interest in eight months. The heifer for which this note is given remains the property of Wm. K. Staples, till all the note is paid. The heifer is the same which said Staples bought of said Eben G. Woodman."

(Signed) "Eben G. Woodman."

Under date of June 23, 1847, this paper purports to have been assigned by Staples for a valuable consideration. And the subscribing witness to the assignment testified, that he saw Staples sign and deliver it to the defendant, with another paper signed by the plaintiff, in the following terms:

"Poland, April 6, 1847. For value received, I promise Wm. K. Staples or order, sixty dollars and interest in eight months. The oxen for which the note is given remaining the property of said Wm. K. Staples till all this note is paid. The oxen are the same which Staples had of John W. Dunn of Poland." This paper was assigned in terms

similar to the other, and the defendant paid Staples the sum of $60, and interest.

Staples was called by the plaintiff and testified, that in April, 1847, the plaintiff made a bargain with him, to purchase a yoke of oxen for the sum of $60 and interest, payable in eight months; that they were to remain the property of Staples till paid for; and to guard against any depreciation in their value, in the event of his being obliged to take them back, the note for the heifer and the bill of sale for its security was given; and that a note for the oxen was given at the same time for the sum of $46 and interest, payable in eight months, and the note and the condition therein were in the same terms as the one in the case for the oxen, excepting that it was for a smaller sum. And for this note, the one now produced was substituted the first of June, having the date of April 6, 1847; and that the defendant was informed at the time of the assignment, of the transactions between him and the plaintiff. When the note first given for the oxen was changed for the other, Staples signed and gave the plaintiff a writing as follows:—" Received of E. G. Woodman a note for fourteen dollars, to be paid in eight months, for which I have his cow for security. If E. G. Woodman pays my note I hold against him, for sixty dollars and interest, in eight months, then the note for the cow shall be given up to said Woodman."

Staples was allowed to testify, the defendant objecting, that he understood from the writings referred to, that the plaintiff was to have possession of the cow and the oxen, until the notes became due.

The Court instructed the jury, " that they would judge, whether the testimony of Staples, that the plaintiff was to keep possession of the oxen and the cow, until the $60 should be due, as he understood was the case from the writings, was not in accordance with the intention of the parties, and the Court so understood the contract to be. And that as the proof was, that the cow was taken by the defendant from the possession of the plaintiff, he would be en-

titled to recover, if the oxen were of sufficient value to pay the note and interest, when the oxen were taken by the defendant, in June, 1847, with the use the defendant had had of them before the eight months had elapsed."

The transaction between the plaintiff and Staples touching the oxen, may be regarded as a conditional sale, which the law will uphold, after the assignment as well as before. *Tibbetts* v. *Towle & al.* 3 Fairf. 341. It was competent for the parties to provide a further security of the payment of the purchase money, if they chose, and this they attempted, in a manner, not the most direct and appropriate; but it may, notwithstanding, be a valid contract. These questions are not reported in the exceptions to have been presented to the Judge, who tried the case, and were not made the subject of any rulings or instructions in law, under such facts as the jury should find established, and are not now before us for consideration.

The construction of the contract, under which the defence is attempted, and of the one in relation to the oxen, was exclusively for the Court. The evidence of Staples that he understood from the writings, that the plaintiff was to have possession of the oxen and of the cow, till the notes became due, was incompetent; but although erroneously allowed, would not have been cause for sustaining the exceptions, if such was the true legal construction of the contracts, which under the instructions, they must have found; for the Court, in the instructions, adopted the same, and stated, that it so understood the contract to be. It is well settled, if the Court permit the jury to decide a question, which is one of law, and not of fact, and their decision is correct, the verdict will not be disturbed for this cause.

By the contract in relation to the cow, of April 6, 1847, the property was to be that of Staples till the payment of the note therein mentioned. It was in the nature of a mortgage. It contained no provision, that the possession should be with the plaintiff till the maturity of the note, or that the right of Staples to take possession should be suspended.

The property being that of Staples, unless the note should be paid, the legal import of the contract, was, that possession should accompany it. And the writing given by Staples, in June following the time, when the contract was executed, was not intended to cancel the former, but the note for $14, and the security therefor, were to remain with Staples, as valid, but to be given up if the note of $60 and interest, which he held, should be paid in eight months.

The cow was taken by the defendant, before the maturity of either note, and this suit was commenced and the cow replevied, three months at least before the expiration of the time, within which the oxen and the cow could be redeemed, according to the terms of the agreement. And unless the sale, by the constable, vested the entire title of the oxen in the defendant, which from the report, we cannot assume, the condition in the sale of the oxen had not been broken, and the defendant's title to the cow was defeasible. If, before the assignment, Staples was entitled to hold the oxen and the cow for the security of his note of $60 and interest, by the assignment, his right passed to the defendant, and it was not defeated by the taking of possession of the oxen by him. *Exceptions sustained. — New trial granted.*

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.